## SUPREME COURT OF PENNSYLVANIA
## DOMESTIC RELATIONS PROCEDURAL RULES COMMITTEE

## ADOPTION REPORT

On June 9, 2022, the Supreme Court of Pennsylvania adopted a recommendation of the Domestic Relations Procedural Rules Committee (Committee). The Recommendation amends Pa.R.Civ.P. 1930.4. The rule addresses service of original process in domestic relations actions. The Committee has prepared this Adoption Report describing the rulemaking process. An Adoption Report should not be confused with Comments to the rules. *See* Pa.R.J.A. 103, Comment. The statements contained in this Adoption Report are those of the Committee, not the Court.

In March 2020, the United States Postal Service (USPS) implemented changes to its policy for delivery of registered or certified restricted mail. According to its website, the USPS modified the "customer signature capture procedures. While maintaining a safe, appropriate distance, [postal] employees will request the customer's first initial and last name so that the employee can enter the information on the electronic screen or hard copy items such as return receipts." Unfortunately, the revised procedure, as written, did not comply with Pa.R.Civ.P. No. 1930.4(h)(2)(ii)(A), which requires a signed return receipt.

The Committee published proposed amendments for comment. *See* 51 Pa.B. 1131 (March 6, 2021). The amendments completely rewrite Pa.R.Civ.P. No. 1930.4; however, most of the rule text remains unchanged, but is written into an outline format with some current subdivisions combined and renumbered. Also, official notes were incorporated into rule text or moved into the Comment. The amendments also include several substantive changes to address the issues related to the USPS policy.

First, subdivision (b)(1)(ii)(B) addresses the USPS policy change by allowing return receipts that are consistent with USPS policy. The current rule allows for similar service when the addressee refuses delivery and the first class mail is not returned.

Also, subdivision (c) authorizes a party to utilize commercial carriers, such as UPS and FedEx, to effectuate original process service. This amendment is intended to provide a contemporary, effective, and convenient form of service. Commercial carriers utilize tracking services, including return receipts, illustrating delivery to an address and the recipient's signature. Yet, unlike USPS, commercial carriers do not restrict delivery to an addressee, just to an address. In order to resolve the issue, subdivision (c)(1) also requires service of the original process by USPS first class mail. If that mail is not returned within 15 days and the commercial carrier's return receipt indicates delivery to the defendant's last known address, subdivision (c)(1)(ii)(B) provides that service is completed.

Post-publication, the Committee took notice of the recent amendment of Pa.R.Civ.P. 401(b)(2) to prohibit a plaintiff from adding an additional defendant when reinstating a complaint if another defendant had been served previously. To maintain consistency among rules governing the same subject matter, the Committee revised the proposal to include a similar limitation. *See* Pa.R.Civ.P. 1930.4(g)(3)(ii).

The amendments become effective October 1, 2022.